### PIRANI & MITCHELL *vs.* ALLHIME.

Where, on an appeal from a justice of the peace, from a judgment rendered in an action on account, the Circuit Court gives final judgment, without a writ of inquiry, the presumption which generally obtains in favor of the regularity of the proceedings of the Court below, is contravened, if the record shows that the judgment was rendered by default, without appearance of the defendant.

THIS was an appeal from a justice of the peace, determined in the Pulaski Circuit Court, in December, 1841, before the Hon. JOHN J. CLENDENIN, one of the Circuit Judges. Allhime sued Pirani, by summons, directed to the constable of the city of Little Rock, issued by a justice of Big Rock township, requiring Pirani to appear at his office, in said city, on the 2d of April, 1841, to answer the complaint of Allhime, *on account.* 'On the 3d of April, which the justice's decree states to be the return day of the summons, the parties appeared and the plaintiff recovered forty-five dollars, *debt,* and his costs, and Pirani appealed. On the calling of the case, in the Circuit Court, Pirani was called; and making default, final judgment was rendered against him and Mitchell, his security in appeal, for $45, debt, and all costs in the justice's court and the Circuit Court. The case came up by writ of error.

The case was argued here by *W. & E. Cummins,* for the plaintiffs in error, and *Hempstead & Johnson,* contra.

*By the Court,* DICKINSON, J. The presumption in favor of the judgment below is contravened, by the record showing that the Court entered it alone by reason of the default.

Judgment reversed.

---

### BUCKNER AND OTHERS *vs.* THE REAL ESTATE BANK.

HELD, that want of profert of a promissory note, is, under our statute, good cause of general demurrer.